UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dale Spuzzillo, | ) | CASE NO. 1:14 CV 151 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Nice Group USA, Inc., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 7). This case arises out of plaintiffs' former employment with defendant. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Dale Spuzzillo filed his Complaint against defendant Nice Group USA, Inc. following the termination of his employment after working for defendant from December 2005 through January 2013. The Complaint alleges the following. Plaintiff worked out of his home for defendant as a National Sales and Marketing Manager. At the time of his termination,

1

plaintiff was 64 years old. Plaintiff was treated differently from similarly situated employees based on his age in that he was paid less than some of his subordinate employees and he was not allowed time off for a vacation. In March 2012, plaintiff was interviewing candidates for open positions in his division and defendant's CEO told him that "we need guys that are going to be here long-term."  Plaintiff replied that he understood that to mean the CEO "wanted young guys to be hired."  The CEO responded, "Hypothetically speaking, yes."  In May 2012, plaintiff injured his knee while on a business trip out of state. After the injury, the CEO made comments about plaintiff being too old and unable to keep up with the rest of the group.  Other employees of defendant told plaintiff of comments the CEO made in their presence about needing to employ "young guys fresh out of college" and "young sales representatives."  Plaintiff complained about age discrimination and was retaliated against when defendant issued him a "write-up." The differential treatment continued to the end of 2012 and, despite having an excellent performance record, plaintiff was terminated in January 2013.  Plaintiff was told that the company "was going in a different direction."  Plaintiff was replaced by a new employee in his twenties.

The Complaint sets forth four claims.  Count One alleges age discrimination in violation of the ADEA.  Count Two alleges wrongful termination based on age discrimination. Count Three alleges retaliation based on activity protected by the ADEA.  Count Four alleges intentional infliction of emotional distress.

This matter is now before the Court upon defendant's Motion to Dismiss Count IV of Plaintiff's Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be

granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendant moves to dismiss Count Four which alleges intentional infliction of emotional distress. It is well-settled under Ohio law that one who by extreme and outrageous conduct

intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, one is liable for such bodily harm. To reach the requisite level of "extreme and outrageous," the conduct must "go beyond all possible bounds of decency, such as to be regarded as atrocious and utterly intolerable in a civilized community." It must be a case in which "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Yeager v. Local Union* 20, 6 Ohio St.3d 369 (1983). "Moreover, the settled rule in Ohio is that the mere claim that a[n employment] termination was unjustified does not rise to the level of extreme and outrageous required to state a claim for intentional infliction of emotional distress." *Dirham v. Van Wert County Hosp.*, 2000 WL 621139 (N.D.Ohio March 03, 2000) (citing *Stoklosa v. Consolidated Rail Corp.*, 864 F.2d 425 (6th Cir.1988); *Francis v. Gaylord Container Corp.*, 837 F.Supp. 858 (S.D.Ohio 1998); *Uebelacker v. Cincom Systems, Inc.*, 48 Ohio App.3d 268, 549 N.E.2d 1210 (1988)).

Defendant argues that this claim should be dismissed because plaintiff fails to allege facts plausibly giving rise to a finding that defendants' conduct was extreme and outrageous or that plaintiff suffered severe emotional distress.

Plaintiff, essentially relying on pre-*Twombly*/*Iqbal* case law[1], contends that as he has simply averred the elements of a prima facie case for the tort, dismissal is inappropriate. But, *Twombly*/*Iqbal* require sufficient factual matter stating a claim to relief that is plausible on its

---

[1] Plaintiff does cite to *Pierce v. Woyma,* 2010 WL 4684722 (Ohio App. 8th Dist. 2010), but the court found that plaintiff set forth facts supporting the claim given that she alleged defendant maliciously instituted criminal charges against her without probable cause when she had done nothing at the scene of an incident where defendant initiated an altercation with plaintiff's boyfriend.

4

face and allowing this Court to draw the reasonable inference that defendant is liable for intentional infliction of emotional distress.

> Plaintiff contends that he has set forth sufficient notice of his claim:
>
> [Plaintiff] has alleged that during his employment, he was treated differently than similarly-situated younger employees. [Plaintiff] also included averments about an incident where he suffered a serious physical injury while on a business trip with his boss and colleagues. Instead of offering to help [plaintiff], or assisting him in seeking medical treatment, his boss ... ridiculed [plaintiff] for being, 'too old' and chastised him for being unable to keep up with the rest of the group. [Plaintiff's] factual allegations regarding this incident imply that [plaintiff]  was forced to try and walk on his injured knee and keep up with a group of uninjured individuals. [Defendant's] actions go beyond basic or run of the mill displays of age discrimination. [Defendant's] reaction to [plaintiff's] accident caused [plaintiff] intense physical pain, aggravation to his recent injury, and disparaged his repute [sic] in front of his colleagues and peers.
>
> Moreover, [plaintiff] has alleged that defendant intended to cause him serious emotional distress, that defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community. Furthermore, [plaintiff] alleges that he suffered emotional distress as a result of defendant's extreme and outrageous conduct.

(Doc. 9 at 5) These allegations do not rise to the level of extreme and outrageous conduct so as to support the claim.  Furthermore, the Complaint makes clear that plaintiff's claim is based on alleged acts of age discrimination and retaliation in employment which will not support an intentional infliction of emotional distress claim.

In *Gamble v. Nestle, USA, Inc.,* 2012 WL 3263109 (N.D.Ohio Aug. 9, 2012), plaintiff, represented by the same counsel herein, also alleged an intentional infliction of emotional distress claim arising out of her termination from employment.  That court dismissed the claim finding that it was "precisely the insufficient pleading that *Twombly* and *Iqbal* intended to address."  Furthermore, the court recognized that "an employee's termination, even if based upon discrimination, does not rise to the level of extreme and outrageous conduct without proof of something more." *Id.* at 4.  Similarly, in *Beatty v. Progressvie Casualty Insurance Company,*

5

2013 WL 123675 (N.D. Ohio Jan. 9, 2013), another employment case brought by counsel herein, the court dismissed the intentional infliction of emotional distress claim while noting that "Ohio courts apply intentional infliction standards strictly in employment actions" and "employment termination alone, without something more, cannot support" such a claim.

Plaintiff does not allege "something more" to support his claim. The allegations to which plaintiff points are insufficient to constitute conduct so extreme in degree as to go beyond all possible bounds of decency, to be regarded as atrocious, utterly tolerable, and lead an average member of the society to yell, "Outrageous!"

The intentional infliction of emotional distress claim is dismissed.

**Conclusion**

For the foregoing reasons, defendants' Motion to Partially Dismiss Plaintiff's Complaint is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/3/14